IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES JAMES MAULDIN,

    Plaintiff,                                               CV F 04 6561 AWI WMW P

  vs.                                                   FINDING AND RECOMMENDATION

S. HOLCOMB, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's November 16, 2004, complaint.

      Plaintiff, an inmate in the custody of the California Department of Corrections at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Avenal State Prison. Plaintiff sets forth claims of deliberate indifference to his safety.

      To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

On April 26, 1996, The Prison Litigation Reform Act was enacted. Section 7 of the Act amended 42 U.S.C. 1997e(a) to read as follows:

> (a) APPLICABILITY OF ADMINISTRATIVE REMEDIES. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

On May 29, 2001, the United States Supreme Court decided Booth v. Churner,532 U.S. 731 (2001). The Supreme Court, in addressing the question of whether a prisoner need exhaust available remedies when monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Id. at 1821. In order to bring his claim in federal court, plaintiff must completely exhaust his available administrative remedies.

Here, plaintiff has failed to allege that he has exhausted the administrative remedies available to him. In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level. The third formal level constitutes the Director's decision on appeal. Cal. Code Regs. Tit. 15, § 3084.5(e)(2). Plaintiff specifically alleges that, at the time the complaint was filed, his appeal to the Director's Level was pending.

Here, plaintiff has failed to allege that he has exhausted the administrative remedies available to him. In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level. The third formal level constitutes the Director's decision on appeal. Cal. Code Regs. Tit. 15, § 3084.5(e)(2). Plaintiff specifically alleges that, at the time the complaint was filed, his appeal to the Director's Level was pending.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir.2002) (per curiam). Because plaintiff's complaint contains a concession to nonexhaustion of available administrative remedies and plaintiff's ground for nonexhaustion is

futility, this action should be dismissed without prejudice to the filing of a new civil rights action after plaintiff has exhausted available administrative remedies.[1]

Because plaintiff's allegations indicate that he has not fully exhausted his administrative remedies prior to filing suit, this action should be dismissed for his failure to do so. The court will recommend dismissal without prejudice to plaintiff's ability to file a new civil action once his administrative remedies have been fully exhausted.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for plaintiff's failure to exhaust his available administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).IT IS SO ORDERED.

**Dated:   August 29, 2005**              /s/ **William M. Wunderlich**
mmkd34                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The Court of Appeals has held that District Courts are required under Prison Litigation Reform Act (PLRA) to dismiss actions without prejudice where prisoner failed to exhaust administrative remedies prior to filing suit but was in process of doing so when motion to dismiss was filed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

3